UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AEP-PRI INC.,

                      Plaintiff,

-v-

GALTRONICS CORPORATION LTD. and
GALTRONICS ELECTRONICS (WUXI) CO. LTD.,

                      Defendants.

------------------------------------------------------------X

12 Civ. 8981 (PAE)

MEMORANDUM OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 13, 2013, the Court granted defendants' motion to dismiss and gave plaintiff until August 28, 2013 to file a motion to amend its pleadings. Dkt. 43, at 17. Plaintiff submitted a timely Second Amended Complaint ("SAC"), Dkt. 44, and motion to amend, Dkt. 45. On September 6, 2013, the Court denied plaintiff's motion to amend its complaint, concluding that plaintiff's failure to address the timing of AEP-Mauritius's dissolution and assignment of its claims to AEP "compellingly suggests that the assignment was made to manufacture diversity jurisdiction, and not for a legitimate business reason." Dkt. 47 at 2.

On September 17, 2013, plaintiff requested that the Court reconsider and reverse its denial of the plaintiff's motion to amend. Dkt. 49. The same day, defendants filed a letter opposing reconsideration. Dkt. 52. For the reasons that follow, plaintiff's motion for reconsideration is denied.

I.      **Legal Standard for Reconsideration**

The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high."). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). District courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

Litigants are generally barred from introducing new facts in a motion to reconsider. *See Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000) (Mukasey, J.) (citation omitted) (On a Local Rule 6.3 motion, "a party may not advance new facts, issues, or arguments, not previously presented to the Court."). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The purpose of Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

## II.     Application

Plaintiff's motion for reconsideration contains at least four new facts that it asserts explain why AEP-Mauritius was not dissolved until November 2012: (1) the amount paid to purchase AEP-Asia was placed into an escrow account set up under AEP-Mauritius; (2) AEP-Mauritius was tasked with using the funds in the escrow account to settle all operating debts owed by AEP-Asia "before the sale of AEP-Asia would be considered complete"; (3) it took "considerable time" to settle the outstanding debts; and (4) AEP-Mauritius's final payment to the last creditor was made on November 13, 2012, upon which AEP-Mauritius was dissolved in November 2012. Dkt. 49 at 2. Plaintiff justifies its failure to plead these facts in the SAC by claiming they were not discoverable before the SAC was due to the Court on August 28, 2013. *Id.* at 1. More specifically, plaintiff claims that Pacific Resources International, LLC ("PRI") was entrusted with the sole handling of dissolving AEP-Mauritius after the sale of AEP-Asia, and that every person the plaintiff tried to contact at PRI was unavailable for some reason. One contact purportedly left his job at PRI shortly before the Court's order allowing plaintiff to amend its complaint; a second contact was hospitalized with a back injury; and a third contact waited until this past week to provide the information summarized above. *Id.* at 1-2. Therefore, plaintiff claims that it could not have discovered these facts before filing the SAC.

Plaintiff's motion for reconsideration is notable for its failure to identify any facts or law that the Court overlooked in its previous decision. Instead, plaintiff simply seeks to supplement its SAC and its motion to amend with new facts that it previously failed to plead. To allow reconsideration on the basis urged by plaintiff would undermine the finality of court rulings and contravene the purpose of Local Rule 6.3. Plaintiff was solely responsible for discovering and pleading the relevant facts it needed to support both its complaint and its amended complaint. If

3

plaintiff needed more time to contact employees at PRI who could explain why AEP-Mauritius was not dissolved until November 2012, then plaintiff could have asked the Court for an extension before August 28, 2013. At this stage, however, the opportunity to amend the complaint and plead new facts has passed.

## CONCLUSION

For the above reasons, plaintiff's motion for reconsideration is denied.

SO ORDERED.

                                                                PAUL A. ENGELMAYER
                                                                United States District Judge

Dated: September 19, 2013
       New York, New York

4